## CHAMBERLIN METAL WEATHER-STRIP CO. v. PEACE METAL WEATHER-STRIP CO.

(Circuit Court, W. D. New York.    April 18, 1911.)

### No. 356.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—WEATHER STRIP.
    The Kenny patent, No. 765,845, for an improvement in metal weather
strips, while for a simple improvement in a narrow field, was not antici-
pated, and discloses patentable invention and utility; also held infringed.

In Equity.  Suit by the Chamberlin Metal Weather-Strip Company
against the Peace Metal Weather-Strip Company.  On final hearing.
Decree for complainant.

L. S. Bacon and C. E. Dunn, for complainant.

J. C. Sturgeon, John H. Leggett, and H. M. Sturgeon, for defend-
ant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·HAZEL·, District Judge. This suit is to restrain the infringement by the defendant of patent No. 765,845, dated July 26, 1904, issued to complainant on the application of Hugh E. Kenny, the patentee. The invention relates to improvements in weather strips of the kind described in the expired Sims patent, No. 424,905, which were used in connection with windows having sliding sashes and which displaced rubber and felt strips theretofore extensively used.

The prior Sims weather strips consisted of a metal strip with a base or flange and a raised sealing rib, which was inserted in a groove or channel in the edge of the sliding window sash, and nailed or tacked in the runway of the window frame. The patentee supposed that the arrangement would at all times enable the sash to slide or move freely, but in this supposition he was mistaken.

The specification in suit after referring to the prior art says:

"It has been found, however, that owing to the extent of contact-surface of the strip when a sash fits closely or swells in wet weather the sash will bind, the friction between the base of the strip and sash being too great to permit an easy movement of the sash. Again, when the flat base is employed and nails or tacks are driven through the same their heads often protrude and interfere with the proper working of the sash and often damage it."

Hence, to obviate such difficulties, the patentee describes and claims an improvement consisting of a longitudinal rib or ribs on the base flange or flanges, such ribs projecting outwardly to form contact or so-called rubbing surfaces with the window sash. It is shown that by this change in the Sims structure the frictional contact of the sash is diminished, a close fit between the frame and sash is secured, and the objections to the free movement of the sash are entirely overcome. The defendant contends that the improvement is so slight that it does not disclose patentable invention, and that the claims, if valid, must be limited to the precise construction described. The patent has five claims. The first, second, and third relate to the article manufactured, and the fourth and fifth to the combination. Claim 1 reads as follows:

"1. A metallic weather strip having an attaching-base and a sealing flange or rib, the base being provided with a series of outwardly-projecting rubbing surfaces."

Claim 5 reads as follows:

"5. The combination with a frame and a sash having a groove therein, of a metal weather strip secured to the frame having a series of rubbing projections on its base, and a sealing flange entering the groove of the sash."

. On the question of novelty and patentability the defendant has offered in evidence many prior patents, and it is argued that the principal benefit secured by the Kenny patent in suit is merely a slight reduction in the friction surface of prior structures. The weather strips of the prior art in most instances are of different forms and some of the patentees appear to have had in mind the identical object of the Kenny patent; i. e., to reduce the frictional surface so as ·to prevent the sash from sticking in the frame and prevent interference from the nails and tacks driven into the base, yet they failed of complete success. Without deeming it necessary to differentiate all the

prior structures from that of Kenny, I am of opinion that the prior art does not point out the improvement in suit. The defendant's expert witness, Mr. Popp, has singled out the patent to McMahon, No. 731,600, dated June 23, 1902, as clearly disclosing the invention in suit, and it will suffice to examine such reference. The patent is for a window frame and sash, and it describes a base, sealing flange or rib of metallic construction; the strip or base being depressed at the edge, thus raising a portion of it between the sealing ribs. For illustration, in figure 2 of the patent is shown a slight bulging out of a part of the rib, and it is clear from the specifications that by this adaptation the patentee intended that such bulging or rounded part of the base between the guide and the sealing beads should yield, and thus relieve the binding of the frame upon pressure. The surface engagement between the edge of the sash and the flange is not reduced. The patentee's idea evidently was that the two ribs in his metal strip should simply operate as a guide for the sash, and, as already stated, the slightly rounded part in the sash should form a yielding bearing. There is no disclosure of the longitudinal ribs or corrugations adapted to project outwardly so as to reduce the friction in the movements of the sash as in the patent in suit. The simplicity of the Kenny invention is undeniable, but it is an improvement of the prior Sims weather strips, and, as it came quickly into extensive public use, any doubt I may have as to its novelty should properly I think be resolved in favor of its patentability. The patent is in an exceedingly narrow field and the scope of the claims are, of course, limited and will only include such similar structures as are clearly an evasion of them. Certainly the patentee by his slight advance in the art has formed a smooth bearing surface for his sliding sash, and has made his strips more rigid, and he has also made it possible to use tacks or nails without their tops coming in contact with the sash in its up and down movements. In such circumstances the principle of General Electric Co. v. Hill, 174 Fed. 996, 98 C. C. A. 566, is thought to apply:

"The fact that the invention is simple and that at the present time it seems as if it might have been obvious to the workers in this art does not mitigate against its validity. Many of the most useful inventions depend upon equally simple changes."

The use of the Sims patent is open to the defendant, but it nevertheless, after complainant's improvement, adopted weather strips with raised portions on each side of the sliding rib which operate as rubbing surfaces and also to enable the use of tacks or nails without their heads interfering with the movements of the sash. It makes no difference that the defendant's rubbing surfaces are slight in comparison with the complainant's ribs, inasmuch as they substantially achieve the same result by their adaptation as does the complainant. The defendant's metal weather strip has a flat base which is adapted to be used in the runway of the window frame, and which has an outstanding sealing rib. There are raised portions in the base flanges which extend the entire length of the strip, and upon which the edge of the sliding sash freely moves. Such raised parts are located on opposite sides of the sealing ribs and form a ridge or rib. Hence it is apparent

that the precise elements of the claims in controversy are appropriated by the defendant. The dissimilarity in appearance is specious and an evasion of complainant's improvement.

As such claims are not thought anticipated and are not without novelty, the complainant is entitled to the relief demanded in its bill, with costs. So ordered.